NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0675n.06

No. 10-6512

FILED

*Sep 14, 2011*

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LINDA EPPS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| FEDEX SERVICES, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: COLE, ROGERS, and GRIFFIN, Circuit Judges.

**ROGERS, Circuit Judge.** Plaintiff Linda Epps appeals from the district court's grant of summary judgment to FedEx Services in her suit alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. Epps claims that the district court erred in three ways: ruling that Epps's negative performance review could not constitute an adverse employment action, analyzing her case under the reduction-in-force framework, and finding that she had demonstrated no evidence of pretext with regard to FedEx's decision. Epps's negative performance review did not constitute an adverse employment action, and it is unnecessary to address the issue of the reduction-in-force framework because Epps did not rebut FedEx's legitimate, nondiscriminatory reason for her demotion. Therefore, the district court properly granted summary judgment in favor of FedEx.

-1-

Epps, who is African-American, joined FedEx as a computer programmer in 1988 and worked in the Orlando, Florida office. Following various promotions, in September 2005 Epps was hired as a Manager of Information Technologies (IT Manager) within FedEx's Information Technologies Express Solutions PM organization. She moved to Memphis, Tennessee for the new position. Epps was hired by and reported to Keith Yarmowich, who was then the director of IT. The IT Manager position required Epps to manage one project, known as the Managed Resource Services Office ("MRSO") project.

Yarmowich completed a performance review of Epps in July 2006. Her overall rating was "Achieved Expectations," but the review identified several areas in which Epps could improve and made clear that such improvement was expected. Yarmowich was then transferred to another organization within FedEx, and Mike Werner replaced him as Director of IT in October 2006.

In November 2006, a corporate reorganization brought a new manager, Peggy Black, into the Express Solutions PM group. Black, who is Caucasian, carried over four projects and one initiative from her prior organization. Black, Epps, and two other managers—Ginger Haynes and David McDaniels—reported to Werner. Shortly after Black joined the group, Werner chose to eliminate Epps's position and transfer all of her management duties to Black. Epps was responsible for bringing Black up to speed on the MRSO project.

Epps was told that her position was being eliminated as part of a strategic business decision, and Werner testified in deposition that there was significant pressure on management to reduce costs. After Werner informed Epps that her position was being eliminated, Epps received her mid-year evaluation for fiscal year 2007. The evaluation was completed by Yarmowich, rather than Werner, because Yarmowich had worked with Epps during the period in question. The mid-year evaluation

gave Epps an overall rating of "Needs Improvement." Epps contested the rating through FedEx's internal complaint procedures, and the overall evaluation was eventually revised to "Achieved Expectations."

In the months following the elimination of the MRSO manager position, Werner and Human Resources helped Epps to locate open management positions in other groups, but Epps did not receive a new management position. Werner also offered Epps a non-management job within his group. This position, Business Application Advisor, was part of the MRSO team, and required that Epps report to Black. Epps accepted the application advisor job and continues in this position at FedEx. Epps's salary was stepped down gradually over an eighteen-month period. Epps requested that her salary be frozen indefinitely at the management level. Werner considered this request and floated it to his supervisor, but it was ultimately rejected.

Epps filed suit in Tennessee Chancery court alleging race discrimination, sex discrimination, age discrimination, and negligent and intentional infliction of emotional distress. FedEx removed the case to federal court. Epps stipulated to voluntary dismissal of her age discrimination claim, R.18, and the claim was dismissed, R.19. The court subsequently granted FedEx's 12(b)(6) motion, dismissing the sex discrimination and tort claims. On November 12, 2010, the district court granted summary judgment to FedEx on Epps's race discrimination claim. R.45. The court viewed Epps's demotion as part of a reduction in force (RIF) and determined that she had not satisfied the RIF heightened pleading standard to establish a prima facie case. Epps timely appealed.

Because Epps's mid-fiscal year 2007 review did not result in a change in position or loss of pay, the negative performance review did not constitute an adverse employment action. *See Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 322 (6th Cir. 2007). In *Tuttle*, the plaintiff established

a causal link between the negative performance review and her transfer and ultimate termination, making the performance review an adverse employment action. *Id.* at 323. In this case, Epps has not established any such link between Yarmowich's evaluation and Werner's decision to eliminate her position; in fact, the record reflects that the performance evaluation played no part in the decision. *See* R.27-4 at 45. Within one month, Epps succeeded in having the review revised,[1] and during oral argument Epps's counsel conceded that the performance review did not affect the terms and conditions of Epps's employment. Therefore, the district court properly held that the mid-fiscal year 2007 review was not an adverse employment action.

Because Epps is unable meet her burden under the third prong of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973),[2] it is unnecessary to determine the reduction in force issue and thus decide whether Epps has established a prima facie case of race discrimination. First, FedEx proffered legitimate, nondiscriminatory reasons for Epps's demotion. *Id.* at 802. Second, Epps has not demonstrated a genuine issue of material fact with respect to whether FedEx's proffered nondiscriminatory justifications were "pretext designed to mask illegal discrimination." *Hein v. All Am. Plywood Co.*, 232 F.3d 482, 489 (6th Cir. 2000).

_____

[1]    During her deposition, Epps stated that her mid-fiscal year 2007 review was in effect on December 20, 2006, R.27-3, Dep, at 169-70, and that her review was revised from "Needs Improvement" to "Achieved Expectations" on January 15, 2007. *Id.* at 117. After January 15, criticisms from Yarmowich were deleted and Epps signed off on the modified review on March 21, 2007. *Id.* at 125.

[2]    Under *McDonnell Douglas*, if the plaintiff establishes a prima facie case, an employer may provide evidence of a legitimate alternative reason for discharge, which shifts the burden back to the plaintiff to show the proffered reason was only a pretext. *Whitfield v. Tennessee*, 639 F.3d 253, 259 (6th Cir. 2011).

FedEx has met its burden under *McDonnell Douglas* by providing several legitimate, nondiscriminatory reasons for choosing Black for the consolidated position. *See Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 573 (6th Cir. 2000). Assigning the consolidated duties to Black required Black to learn one new project: MRSO. In contrast, had the consolidated job been assigned to Epps, she would have been required to learn four new projects and one initiative. Based on the number of direct reports managed by Epps and Black prior to the demotion, it is likely that MRSO was a larger project than any one of the projects on which Black was working. However, it appears that Black had the larger sum total of management responsibilities, and her work covered a greater number of discrete areas. Therefore, FedEx has provided a legitimate, nondiscriminatory explanation that it was more efficient to assign the MRSO project to Black than to move all of Black's projects to Epps.

Further, Black had a longer tenure with FedEx, had more experience reporting to senior level management, and had won two of the company's five-star awards for excellent work. Although Epps had a consistently positive work history with FedEx and had earned a promotion to management, her most recent year-end evaluation had identified several areas in which improvement was needed. Werner stated that he was focused on efficiency—not prior job performance—in choosing who should take on the consolidated duties. However, he mentioned his awareness of Black's strong track record with the company, and that history further supports the business decision to select Black over Epps for the remaining management position.

Epps has not shown a genuine issue of material fact as to whether FedEx's proffered reasons for the demotion were pretextual. *Hein*, 232 F.3d at 489. Though Epps argues that FedEx's justifications "had no basis in fact" and "did not actually motivate [FedEx's] action[,]" *Macy v.*

*Hopkins County School Bd. of Educ.*, 484 F.3d 357, 366 (6th Cir. 2007), she is unable to provide sufficient evidence to support these claims. Epps attempts to demonstrate pretext by pointing out that the consolidated position assumed by Black was divided less than one year after Epps's demotion. FedEx acknowledges that the consolidated position assumed by Black no longer exists, but explains that there is still no dedicated manager for the MRSO project. Epps's demotion eliminated one management position, and that position has not been reinstated. Therefore, the fact that the business demands of FedEx required a second reorganization does not imply that the initial consolidation was undertaken to push Epps out of management.

Epps returns to Yarmowich's negative mid-fiscal year 2007 review to argue pretext, but this argument is unsupported by the record. Epps's basic claim is that because she received her first negative evaluation in her entire tenure at FedEx just after her demotion, the review should be viewed as an ex post attempt to justify her demotion. Epps's year-end evaluation from 2006, however, indicated several areas in which Yarmowich expected improvement from Epps, clearly signaling the potential for a future negative review. In evaluating Epps's success on the objective "enhance employee communications and relations," Yarmowich stated "[o]verall FY06 results were poor but factors such as a new workforce with a new topic for the workforce made it a difficult environment." R.27-3, Dep. Ex. 17 at 1. Yarmowich's evaluation of Epps's work on the MRSO project objectives also foreshadowed the negative mid-year review. Yarmowich wrote: "To ensure the most effective use of the organization[']s time on top priorities, Linda and the team will have to refine their goals and priorities. I have asked Linda to work on this in FY07." *Id.* at 3. The indications of problem areas contained in the year-end 2006 evaluation undercut Epps's already tenuous argument that the mid-fiscal year 2007 performance review demonstrates pretext. In

addition, the year-end evaluation was made before Werner even arrived in the Express Solutions PM group, and therefore cannot be viewed as an attempt to justify his decision to consolidate management within the group.

For these reasons, we AFFIRM the district court's grant of summary judgment.